# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 02-1589

———————

United States of America,

    Appellee,

  v.

Rufus Todd Jones, also known as
Todd Jones, also known as Scott Lee,

    Appellant.

\* \
\* \
\* \
\*  Appeal from the United States \
\*  District Court for the District \
\*  of Nebraska. \
\* \
\*   [UNPUBLISHED] \
\* \
\*

———————

Submitted: February 19, 2003

Filed: February 25, 2003

———————

Before BYE, FAGG, and RILEY, Circuit Judges.

———————

PER CURIAM.

  Rufus Todd Jones pleaded guilty to trafficking in counterfeit Rolex watches. Jones did not object to the sentence imposed by the district court,[*] namely, a sentence of 36 months imprisonment, three years supervised release, and restitution. On appeal, Jones contends the district court improperly ordered restitution in the amount

———————

[*]The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska.

of $116,779.50 for legal fees and expenses Rolex incurred while obtaining a civil judgment against him.

In our view, the district court correctly ordered restitution for attorney fees. See 18 U.S.C. § 3663(a)(1)(A) (authorizing restitution); United States v. Jackson, 155 F.3d 942, 949 (8th Cir.) (Standard of review), cert. denied, 525 U.S. 1059 (1998). The record amply supports the district court's determination that the attorney fees were triggered by the specific conduct that was the basis for the offense of conviction. Indeed, Jones testified Rolex had brought multiple actions against him relating to his sales of watches, and an unobjected-to portion of the presentence report (PSR) asserted Rolex had accrued $116,779.50 in legal fees and expenses in pursuing him. See Fed. R. Crim. P. 32(b)(6)(D) (district court may accept unobjected-to portions of PSR); United States v. Akbani, 151 F.3d 774, 779-80 (8th Cir. 1998). The district court  properly considered Jones's financial resources and ability to meet the restitution obligation inasmuch as it recognized his negative net worth, stated its desire that he be able to have at least a little money while incarcerated, and ordered him to pay only a fraction of his earnings while in prison and $50 per month following his release.  See 18 U.S.C. § 3663(a)(1)(B)(i)(II) (court shall consider financial resources of defendant); United States v. Manzer, 69 F.3d 222, 229 (8th Cir. 1995).  Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-